UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

`O`

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1678-CAS(DTBx) | Date | November 25, 2012 |
|---|---|---|---|
| Title | LORENA GARCIA V. MORTGAGE SENSE INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant | |
| Not Present | | Stephen Britt | |

**Proceedings:** NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS (Dkt. #12, filed Oct. 10, 2013)

## I.  INTRODUCTION

Plaintiff Lorena Garcia, proceeding pro se, filed this action on September 17, 2013, against defendants Mortgage Sense, Inc. ("Mortgage Sense"), Bank of America, N.A. ("BOA"), Nationstar Mortgage LLC ("Nationstar"), ReconTrust Company, N.A. ("ReconTrust"), and Does 1-10.  Plaintiff asserts the following eight claims for relief: (1) breach of contract; (2) violation of Cal. Civil Code § 2923.5; (3) fraud; (4) violation of Cal. Civil Code § 2923.6; (5) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"); (6) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788, et seq.; (7) wrongful foreclosure; and (8) intentional infliction of emotional distress.  Compl. at 11-15.

On October 10, 2013, Nationstar filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b), and 8(a).  Dkt. #12.  Plaintiff has not filed an opposition.  The Court held a hearing on November 25, 2013.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

Plaintiff alleges that Mortgage Sense is a California Corporation.  Compl. ¶ 2. Plaintiff alleges that BOA's address is located in Florida, Nationstar's address is located in Ohio, and ReconTrust's address is located in California.  Id. ¶¶ 3-5.  Plaintiff does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1678-CAS(DTBx) | Date | November 25, 2012 |
|---|---|---|---|
| Title | LORENA GARCIA V. MORTGAGE SENSE INC., ET AL. | | |

allege her state of citizenship, but alleges that the property at issue in this action is located at 6188 Indigo Avenue, Rancho Cucamonga, California 91701 (the "property"). Id. at 17. Furthermore, plaintiff fails to adequately allege defendants' citizenship, in that she fails to allege their states of incorporation and their principal places of business.

Plaintiff alleges that she obtained a loan from Mortgage Sense in the amount of $1,120,000, secured by a deed of trust on the property. Id. ¶ 7. The gravamen of this action appears to be that defendants allegedly engaged in fraud and other misconduct in connection with the issuance of a mortgage on the property, and that defendants subsequently noticed or conducted a foreclosure on that property. Id. ¶¶ 7-26. Plaintiff does not explicitly allege whether the foreclosure sale has already occurred, whether a sale is pending, or whether she currently resides at the property. However, plaintiff requests an injunction preventing the sale of the property at a trustee auction or foreclosure sale, which suggests that no such sale has yet occurred. Id. at 16.

## III.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party.[1] Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court

---

[1] The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. Hughes v. Rowe, 449 U.S. 5, 9 (1980).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1678-CAS(DTBx) | Date | November 25, 2012 |
|---|---|---|---|
| Title | LORENA GARCIA V. MORTGAGE SENSE INC., ET AL. | | |

considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1678-CAS(DTBx) | Date | November 25, 2012 |
|---|---|---|---|
| Title | LORENA GARCIA V. MORTGAGE SENSE INC., ET AL. | | |

**B.    Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity.  Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud."  Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003).  A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim.  Id.  "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)."  Id.  However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements.  Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973).  This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth.  In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).  Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false."  Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

**C.    Fed. R. Civ. P. 8(a)**

Federal Rule of Civil Procedure 8(a)(2) requires that an affirmative pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of this rule is to ensure that a complaint provides a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity."  See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1678-CAS(DTBx) | Date | November 25, 2012 |
|---|---|---|---|
| Title | LORENA GARCIA V. MORTGAGE SENSE INC., ET AL. | | |

**IV.   DISCUSSION**

Plaintiff's first, second, and sixth claims for relief are the only claims that can even remotely be construed as arising under federal law. As set forth below, these claims are not viable. This Court therefore lacks jurisdiction over this action on the basis of a federal question under 28 U.S.C. § 1331.[2] Moreover, this Court lacks jurisdiction over this action based on diversity of citizenship because plaintiff does not adequately allege her or defendants' state of citizenship. See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice & Procedure § 1208 (3d ed.).

**A.   Plaintiff's Purported Federal Claims**

The Court will first address plaintiff's three claims that purport to arise under federal law.

   1.   Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff's first claim for relief is titled as a claim for breach of contract and the implied covenant of good faith and fair dealing. However, plaintiff cites Article I, Section 10 of the United States Constitution under the heading for this claim. Compl. at 11. The Court is aware of no authority supporting a private right of action under this

---

[2] Plaintiff's first claim is styled as a claim for breach of contract, and her second claim is styled as a claim for violation of Cal. Civil Code § 2923.5. However, plaintiff's allegations in these claims refer to numerous federal statutes as well as the United States Constitution. See Compl. at 11-12. Citation to federal statutes and constitutional provisions within claims for relief arising under state law is ordinarily insufficient to plead subject matter jurisdiction under 28 U.S.C. § 1331. See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1206 (3d ed.) (noting that the complaint must "clearly show that the court's subject matter jurisdiction exists"). However, in keeping with the Court's obligation to liberally construe the pleadings of pro se litigants, see Hughes, 449 U.S. at 9, the Court assesses whether these claims nonetheless contain a basis for federal subject matter jurisdiction under 28 U.S.C. § 1331.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1678-CAS(DTBx) | Date | November 25, 2012 |
|---|---|---|---|
| Title | LORENA GARCIA V. MORTGAGE SENSE INC., ET AL. | | |

constitutional provision. Moreover, to the extent that plaintiff is alleging that Article I, Section 10 of the Constitution is implicated in her claim for breach of contract, the complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2) by providing a "short and plain statement" showing that plaintiff is entitled to relief. See Conley, 355 U.S. at 47.

    2.    Plaintiff's Claim under Cal. Civil Code § 2923.5

Plaintiff's second claim for relief is also titled as a state law claim. However, plaintiff cites multiple federal criminal statutes under the heading for this claim, including 18 U.S.C. §§ 241, 242, 1001, 1343, and 1621, as well as the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"). Compl. at 11-12. To the extent that plaintiff is asserting this claim based on the aforementioned criminal statutes, the claim fails because these statutes do not give rise to a private right of action. See Lundt v. Hodges, 627 F. Supp. 373, 375 (N.D. Iowa 1985) (no private right of action under 18 U.S.C. § 241); Wagner v. United States, 377 F. Supp. 2d 505, 510-11 (D.S.C. 2005) (same regarding 18 U.S.C. § 242); Williams v. McCausland, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992) (same regarding 18 U.S.C. § 1001); Wisdom v. First Midwest Bank, 167 F.3d 402, 408 (8th Cir. 1999) (same regarding 18 U.S.C. § 1621); Roemer v. Crow, 993 F. Supp. 834, 836 (D. Kan. 1998) (same regarding 18 U.S.C. § 1621).

Additionally, to the extent that plaintiff is asserting this claim based on RICO, this claim also fails. To state a claim for a violation of RICO under 18 U.S.C. § 1962, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Dysart v. BankTrust, 516 Fed. Appx. 861, 863 (11th Cir. 2013). It appears that the gravamen of plaintiff's complaint sounds in fraud because of multiple allegations regarding false representations made by defendants. See Compl. ¶¶ 11, 18, 20, 22. Therefore, to the extent that plaintiff intends to assert a RICO claim based on the conduct alleged in the complaint, she must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). See, e.g., Patel v. U.S. Bank, N.A., 2013 WL 3770836, at *7-8 (N.D. Cal. July 16, 2013). Plaintiff has not done so here, because she fails to set forth "specific allegations regarding the roles of the various defendants in the preparation and dissemination of the fraudulent representations," such as the "time, place, and nature" of the alleged fraud. See Hokama v. E.F. Hutton & Co., Inc., 566 F. Supp. 636, 646 (C.D. Cal. 1983). If plaintiff wishes to assert a RICO claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1678-CAS(DTBx) | Date | November 25, 2012 |
|---|---|---|---|
| Title | LORENA GARCIA V. MORTGAGE SENSE INC., ET AL. | | |

in an amended complaint, plaintiff is directed to file a RICO Case Statement, in accordance with the requirements attached to this order as Exhibit A.

   3. Plaintiff's Claim for "Unfair Debt Collection Practices"

  Plaintiff's sixth claim seeks relief for alleged violations of the FDCPA and RESPA, along with various California statutes. To the extent that plaintiff asserts this claim based on federal law, this claim also fails.

  Plaintiff appears to allege that defendants tried to improperly collect on her debt by attempting to foreclose on the property. Plaintiff's claim fails, however, "because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA." Landayan v. Wash. Mut. Bank, 2009 WL 3047238 (N.D. Cal. Sept. 18, 2009). "[F]oreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA. Accordingly, any actions taken . . . in pursuit of the actual foreclosure may not be challenged as FDCPA violations." Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)

  Plaintiff further appears to allege that defendants violated RESPA by trying to foreclose on the property. To protect borrowers, RESPA "requires a loan servicer to provide disclosures relating to the assignment, sale, or transfer of loan servicing to a potential or actual borrower." Keen v. Am. Home Mortgage Servicing, Inc., 664 F. Supp. 2d 1086, 1097 (E.D. Cal. 2009). While RESPA specifies the disclosure duties of a loan servicer, "RESPA does not provide for injunctive relief, [and] cannot serve as the basis for a wrongful foreclosure claim." Falcocchia v. Saxon Mortgage, Inc., 709 F. Supp. 2d 873, 887 (E.D. Cal. 2010). Plaintiff, thus fails to state a claim because she appears to rely on RESPA as the basis for a wrongful foreclosure action.

  **B.** **Plaintiff's Remaining Claims**

  In view of plaintiff's failure to state a federal claim, the Court lacks subject matter jurisdiction over this action. The Court therefore declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. 28 U.S.C. § 1367; see Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367–68 (9th Cir. 1992) ("When federal claims are dismissed before trial . . . pendent state claims also should be dismissed.") (quoting Jones v. Cmty. Redev. Agency, 733 F.2d 646, 651 (9th Cir. 1984) (alterations in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1678-CAS(DTBx) | Date | November 25, 2012 |
|---|---|---|---|
| Title | LORENA GARCIA V. MORTGAGE SENSE INC., ET AL. | | |

original); Scholar v. Pac. Bell, 963 F.2d 264, 268 n.4 (9th Cir. 1992) (same); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed.").

**V.    CONCLUSION**

Based on the foregoing, the Court hereby GRANTS Nationstar's motion to dismiss as to plaintiff's first, second, and sixth claims for relief. The Court DECLINES to exercise supplemental jurisdiction over plaintiff's remaining claims. See 28 U.S.C. § 1367(c)(3). Plaintiff shall have until **December 23, 2013**, to file an amended complaint that corrects the deficiencies identified herein. Failure to do so may result in the dismissal of this action with prejudice. In the amended complaint, plaintiff is not permitted to add claims that are not present in this complaint.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

# Exhibit A

Plaintiff shall file, concurrently with her amended complaint, a RICO case statement. If plaintiff does not file and serve a RICO case statement on or before **December 23, 2013**, this will be deemed plaintiff's withdrawal of the RICO claim. If plaintiff files a RICO case statement on or before that date, the complaint will be deemed amended to include the RICO case statement.

The RICO case statement shall include the facts plaintiff is relying upon to initiate this RICO claim as a result of the "reasonable inquiry" required by Rule 11 of the Federal Rules of Civil Procedure. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;
    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;
    c. If the RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;
    d. State whether there has been a criminal conviction for violation of the predicate acts;
    e. State whether civil litigation has resulted in a judgment with respect to the predicate acts;
    f. Describe how the predicate acts form a "pattern of racketeering activity"; and

      g.      State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6.      Describe in detail the alleged enterprise for the RICO claim. A description of the enterprise shall include the following information:

      a.      State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

      b.      Describe the structure, purpose, function and course of conduct of the enterprise;

      c.      State whether any defendants are employees, officers or directors of the alleged enterprise;

      d.      State whether any defendants are associated with the alleged enterprise;

      e.      State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

      f.      If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7.      State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8.      Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9.      Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10.      Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11.      If the claim alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

      a.      State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

      b.      Describe the use or investment of such income.

12. If the claim alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the claim alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    a. State who is employed by or associated with the enterprise; and
    b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14. If the claim alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained for which each defendant is allegedly liable.